KENNEDY, Justice
(dissenting).
Betty Joyce Sims’s son was killed in an offshore explosion. The law firm of Brisk-man & Binion had represented Sims for less than a month when she sent it a certified letter unequivocally stating that she was revoking her agreement for representation. Up to that point, Briskman & Binion’s work on behalf of Sims consisted of having her appointed administratrix of her son’s estate.
Never speaking with Sims, but instead relying on hearsay from a friend of Sims, Briskman & Binion continued for three months to act or to attempt to act on her behalf. After Sims sent Briskman & Binion another letter, again saying that she was terminating the attorney-client relationship, Briskman & Binion filed a motion in the probate court attempting to determine Sims’s competence to serve as administratrix of her son’s estate; i.e., Briskman & Binion tried to have the person it “claims” was its client declared incompetent.
Through another law firm, Sims obtained a $500,000 settlement, of which the law firm received a 40% fee. From this 40% fee, the trial court awarded Briskman & Binion over $83,000.
Assuming that Briskman & Binion was entitled to a fee, I consider the amount awarded, given the circumstances of this case, to be excessive. Therefore, I must dissent.